S95Y1481. IN THE MATTER OF WILLIAM E. HAWKINS, JR.

(458 SE2d 655)

PER CURIAM.

On May 16, 1980, the State Bar of Georgia filed a complaint against William E. Hawkins, Jr., alleging that Hawkins had embezzled $75,000 from a settlement belonging to Gertrud Schwarz. Hawkins filed a petition for voluntary surrender of his license in which he admitted the allegations contained in the complaint and admitted that such conduct violated Standards 61, 62, 63 and 65 of Bar Rule 4-102. On November 14, 1980, this Court accepted Hawkins' petition and disbarred him from the practice of law in Georgia.

Hawkins now petitions this Court for reinstatement to the Bar, asserting that he has met the requirements for approval of his petition under Bar Rule 4-301 et seq. At the evidentiary hearing before the special master, Hawkins presented evidence, essentially via witness testimony, that: (1) his disbarment conduct was due to an alcohol abuse problem of which he has been completely free for the past three years; (2) he has made full restitution of the monies that he embezzled; (3) at the time of his disbarment, he immediately notified his clients of his inability to represent them; (4) since his disbarment, he has been engaged in an accounting and tax preparation service and has been successfully entrusted with monies belonging to his clients; (5) he has rehabilitated himself and would be a credit to the State Bar of Georgia if he were to be reinstated; (6) he is deeply remorseful for his behavior; and (7) if any problems with alcohol abuse or any similar problems should develop in the future, Hawkins would seek help from his family and counselors.

---

The special master found that Hawkins is fit to practice law in Georgia. The review panel adopted the special master's findings and recommends that this Court approve Hawkins' petition for reinstatement. Additionally, the Board to Determine Fitness of Bar Applicants has certified Hawkins as fit to practice law. Rule 4-305.

It appears that Hawkins has met the procedural requirements under Bar Rule 4-301 et seq. for approval of his petition for reinstatement. And, based upon the facts in this case, it appears that Hawkins has met the legal standards and burden of proof to be reinstated to the State Bar of Georgia. This Court hereby adopts the recommendation of the review panel and approves Hawkins' petition for reinstatement.

We therefore order that Hawkins be reinstated as an attorney licensed to practice law in the State of Georgia, conditioned upon his satisfaction of all of the requirements of Part B, Rules Governing Admission to the Practice of Law including taking and passing the Georgia Bar Examination and achieving a scale score of 75 on the Multistate Professional Responsibility Examination. Rule 4-305.

*Reinstated. Benham, C. J., Fletcher, P. J., Sears, Hunstein, Carley and Thompson, JJ., concur.*

DECIDED JULY 14, 1995.

*William P. Smith III, General Counsel State Bar, Jenny K. Mittleman, Senior Assistant General Counsel State Bar,* for State Bar of Georgia.